**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ELIYAHOU BARROCAS and DALIA KOHLHAGEN,<br><br>JOSH BORENSTEIN and ORLY GOTTESMAN,<br><br>ARLENE BRAUNSTEIN,<br><br>TODD BRODY and ELLEN BRODY,<br><br>DAVID COHAIN and BARBARA COHAIN,<br><br>CHARLES EPSTEIN and EVON EPSTEIN,<br><br>WARREN FINKEL and MIRIAM FINKEL,<br><br>MICHAEL FRIED and ILANA FRIED,<br><br>IRVING FRUCHTER and ESTHER FRUCHTER,<br><br>AARON GAL and OLGA GAL,<br><br>BERNARD GLEZERMAN and ALEXANDRA FRIEDMAN,<br><br>DANIEL GOLDBERG and DINA GOLDBERG,<br><br>GREG HABER and YONINA HABER,<br><br>SETH LEAVITT and JENNIFER LEAVITT,<br><br>DANIEL LEVY and ELIZABETH COHEN,<br><br>(Cont.) | CIVIL ACTION<br><br>NO.<br><br>COMPLAINT AND JURY DEMAND |

GAYLE LEWIS,

ALAN MITRANI and ELIZABETH MITRANI,

RAFAEL MOSKOWITZ and LESLIE MOSKOWITZ,

BERYL NIEWOOD,

JAKE RIMBERG and STEPHANIE RIMBERG,

EZRI SHECHTER and TZIPORA SHECHTER,

LARRY SHEMEN and SHERRI SHEMEN,

ROBERT SHOLOMON and REVITAL SHOLOMON,

DANIEL SINYOR and MICHAL SINYOR,

STEPHEN WEISS and NICOLA WEISS,

YARON ZENOU and NATALIE ZENOU,

Plaintiffs

vs.

CITY OF ENGLEWOOD and BOROUGH OF ENGLEWOOD CLIFFS,

Defendants.

Plaintiffs, Eliyahou Barrocas, Dalia Kohlhagen, Josh Borenstein, Orly Gottesman, Arlene Braunstein, Todd Brody, Ellen Brody, David Cohain, Barbara Cohain, Charles Epstein, Evon Epstein, Warren Finkel, Miriam Finkel, Michael Fried, Ilana Fried, Irving Fruchter, Esther Fruchter, Aaron Gal, Olga Gal, Bernard Glezerman, Alexandra Friedman, Daniel Goldberg, Dina

Goldberg, Greg Haber, Yonina Haber, Seth Leavitt, Jennifer Leavitt, Daniel Levy, Elizabeth Cohen, Gayle Lewis, Alan Mitrani, Elizabeth Mitrani, Rafael Moskowitz, Leslie Moskowitz, Beryl Niewood, Jake Rimberg, Stephanie Rimberg, Ezri Shechter, Tzipora Shechter, Larry Shemen, Sherri Shemen, Robert Sholomon, Revital Sholomon, Daniel Sinyor, Michal Sinyor, Stephen Weiss, Nicola Weiss, Yaron Zenou and Natalie Zenou (collectively, the "Plaintiffs"), file this Complaint against the City of Englewood and the Borough of Englewood Cliffs, arising from flooding conditions which have resulted in a dangerous condition, nuisance, trespass and taking of the Plaintiffs' real properties, and aver as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiffs, Eliyahou Barrocas and Dalia Kohlhagen, are adult individuals who, at all relevant times hereto, own the property situate, and reside, at 405 Jones Road, Englewood, New Jersey 07631 (the "Barrocas/Kohlhagen Property").

2. Plaintiffs, Josh Borenstein and Orly Gottesman, are adult individuals who, at all relevant times hereto, own the property situate, and reside, at 361 Gloucester Street, Englewood, New Jersey 07631 (the "Borenstein/Gottesman Property").

3. Plaintiff, Arlene Braunstein, is an adult individual who, at all relevant times hereto, owns the property situate, and resides, at 401 Jones Road, Englewood, New Jersey 07631 (the "Braunstein Property").

4. Plaintiffs, Todd Brody and Ellen Brody, are adult individuals who, at all relevant times hereto, own the property situate, and reside, at 411 Jones Road, Englewood, New Jersey 07631 (the "Brody Property").

5. Plaintiffs, David Cohain and Barbara Cohain, are adult individuals who, at all relevant times hereto, own the property situate, and reside, at 363 Jones Road, Englewood, New Jersey 07631 (the "Cohain Property").

6. Plaintiffs, Charles Epstein and Evon Epstein, are adult individuals who, at all relevant times hereto, own the property situate, and reside, at 378 Gloucester Street, Englewood, New Jersey 07631 (the "Epstein Property").

7. Plaintiffs, Warren Finkel and Miriam Finkel, are adult individuals who, at all relevant times hereto, own the property situate, and reside, at 360 Gloucester Steet, Englewood, New Jersey 07631 (the "Finkel Property").

8. Plaintiffs, Michael Fried and Ilana Fried, are adult individuals who, at all relevant times hereto, own the property situate, and reside, at 404 Gloucester Street, Englewood, New Jersey 07631 (the "Fried Property").

9. Plaintiffs, Irving Fruchter and Esther Fruchter, are adult individuals who, at all relevant times hereto, own the property situate, and reside, at 373 Jones Road, Englewood, New Jersey 07631 (the "Fruchter Property").

10. Plaintiffs, Aaron Gal and Olga Gal, are adult individuals who, at all relevant times hereto, own the property situate, and reside, at 377 Jones Road, Englewood, New Jersey 07631 (the "Gal Property").

11. Plaintiffs, Bernard Glezerman and Alexandra Friedman, are adult individuals who, at all relevant times hereto, own the property situate, and reside, at 232 Lydecker Street, Englewood, New Jersey 07631 (the "Glezerman/Friedman Property").

12. Plaintiffs, Daniel Goldberg and Dina Goldberg, are adult individuals who, at all relevant times hereto, own the property situate at 375 Gloucester Street, Englewood, New Jersey 07631 (the "Goldberg Property").

13. Plaintiffs, Greg Haber and Yonina Haber, are adult individuals who, at all relevant times hereto, own the property situate, and reside, at 401 Gloucester Street, Englewood, New Jersey 07631 (the "Haber Property").

14. Plaintiffs, Seth Leavitt and Jennifer Leavitt, are adult individuals who, at all relevant times hereto, own the property situate, and reside, at 355 Jones Road, Englewood, New Jersey 07631 (the "Leavitt Property").

15. Plaintiffs, Daniel Levy and Elizabeth Cohen, are adult individuals who, at all relevant times hereto, own the property situate, and reside, at 385 Gloucester Street, Englewood, New Jersey 07631 (the "Levy/Cohen Property").

16. Plaintiff, Gayle Lewis, is an adult individual who, at all relevant times hereto, owns the property situate, and resides, at 212 Maple Street, Englewood, New Jersey 07631 (the "Lewis Property").

17. Plaintiffs, Alan Mitrani and Elizabeth Mitrani, are adult individuals who, at all relevant times hereto, own the property situate, and reside, at 181 Jones Road, Englewood, New Jersey 07631 (the "Mitrani Property").

18. Plaintiffs, Rafael Moskowitz and Leslie Moskowitz, are adult individuals who, at all relevant times hereto, own the property situate, and reside, at 392 Gloucester Street, Englewood, New Jersey 07631 (the "Moskowitz Property").

19. Plaintiff, Beryl Niewood, is an adult individual who, at all relevant times hereto, owns the property situate, and resides, at 369 Jones Road, Englewood, New Jersey 07631 (the "Niewood Property").

20. Plaintiffs, Jake Rimberg and Stephanie Rimberg, are adult individuals who, at all relevant times hereto, own the property situate, and reside, at 400 Gloucester Street, Englewood, New Jersey 07631 (the "Rimberg Property").

21. Plaintiffs, Ezri Shechter and Tzipora Shechter, are adult individuals who, at all relevant times hereto, own the property situate, and reside, at 370 Gloucester Street, Englewood, New Jersey 07631 (the "Shechter Property").

22. Plaintiffs, Larry Shemen and Sherri Shemen, are adult individuals who, at all relevant times hereto, own the property situate, and reside, at 220 Maple Street, Englewood, New Jersey 07631 (the "Shemen Property").

23. Plaintiffs, Robert Sholomon and Revital Sholomon, are adult individuals who, at all relevant times hereto, own the property situate, and reside, at 407 Gloucester Street, Englewood, New Jersey 07631 (the "Sholomon Property").

24. Plaintiffs, Daniel Sinyor and Michal Sinyor, are adult individuals who, at all relevant times hereto, own the property situate, and reside, at 362 Eton Street, Englewood, New Jersey 07631 (the "Sinyor Property").

25. Plaintiffs, Stephen Weiss and Nicola Weiss, are adult individuals who, at all relevant times hereto, own the property situate, and reside, at 416 Gloucester Street, Englewood, New Jersey 07631 (the "Weiss Property").

26. Plaintiffs, Yaron Zenou and Natalie Zenou, are adult individuals who, at all relevant times hereto, own the property situate, and reside, at 404 Gloucester Street, Englewood, New

Jersey 07631 (the "Zenou Property" and, together with the Barrocas/Kohlhagen Property, the Borenstein/Orly Property, the Braunstein Property, the Brody Property, the Cohain Property, the Epstein Property, the Finkel Property, the Fried Property, the Fruchter Property, the Gal Property, the Glezerman/Friedman Property, the Goldberg Property, the Haber Property, the Leavitt Property, the Levy/Cohen Property, the Lewis Property, the Mitrani Property, the Moskowitz Property, the Niewood Property, the Rimberg Property, the Shechter Property, the Shemen Property, the Sholomon Property, the Sinyor Property and the Weiss Property, the "Subject Properties").

27. Defendant, City of Englewood ("Englewood"), is a municipality located within the County of Bergen and the State of New Jersey, with its municipal offices located at 2-10 North Van Brunt Street, Englewood, New Jersey 07631.

28. Defendant, Borough of Englewood Cliffs ("Englewood Cliffs" and together with Englewood, "Defendants"), is a municipality located within the County of Bergen and the State of New Jersey, with its municipal offices located at 482 Hudson Terrace, Englewood Cliffs, New Jersey 07632.

29. This Court has subject matter jurisdiction over Plaintiffs' federal claim under 28 U.S.C. § 1331.

30. The Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a) inasmuch as such claims are so related to the federal claim herein pleaded that they form part of the same case or controversy for purposes of Article III of the United States Constitution.

31. This Court has personal jurisdiction over Defendants because they reside in the State of New Jersey, transact business in the State of New Jersey and/or have caused harm or tortious injury to Plaintiffs by an act or omission in the State of New Jersey.

32. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b) in that Defendants reside and transact business in this judicial district, Defendants are residents of the State of New Jersey, and because a substantial part of the events or omissions giving rise to the claims occurred in this District, as further alleged below.

## BACKGROUND

33. Defendants are governmental entities whose responsibilities are, among other things, to maintain a stormwater management system within their respective jurisdictional boundaries and in such a manner as to protect their citizens from flooding.

34. The aforesaid responsibilities also include maintaining a stormwater management system in such a manner so as not to flood neighboring and/or adjacent municipalities.

35. Defendants are required to meet and maintain certain flood protection standards consistent with their own stormwater management ordinances and guidelines, those of the County of Bergen, state flood plain management regulations, and their own flood plain management ordinance mandated by their participation in the National Flood Insurance Program.

36. Portions of Englewood and Englewood Cliffs have a combined drainage network, inclusive of various pipes, catch basins, manholes and natural and manmade streams and swales.

37. As such, Defendants have a shared responsibility to maintain, and when necessity requires, to upgrade, their drainage network.

38. Englewood's current drainage systems are over 100 years old, with an average system-age of 70 years old.

39. Upon information and belief, Englewood Cliff's current drainage systems are, similarly, approximately 100 years old.

40. Englewood's drainage systems were designed, primarily, to handle a 15-year storm event.

41. Current, general engineering practices require stormwater pipe networks to be designed to handle up to 25-year storm events.

42. Defendants have large watersheds that drain primarily to the Overpeck Creek and Flat Rock Brook via underground conveyance systems, overland flow and smaller tributaries including, but not limited to, narrow creeks and manmade channels.

43. Many of these smaller tributaries do not have the capacity to handle the stormwater runoff.

44. As a result, the stormwater runoff, having nowhere to go, engulfs lower lying areas with flooding, including the Subject Properties.

45. The lack of capacity to handle the stormwater runoff is caused by Defendants' lack of maintenance and lack of drainage improvements throughout their municipalities, in conjunction with the continued expansion and upsizing of many residential homes and developments.

46. Specifically, Defendants have allowed for ongoing development in their municipalities, which gradually increases the volume and flowrates of stormwater entering their respective stormwater systems.

47. Defendants also have little to no documented areas of stormwater detention/retention throughout their combined stormwater system.

48. Defendants also have not regularly maintained, cleaned/cleared their stormwater systems thus permitting sediment, debris, trash, etc. to accumulate in the stormwater systems, which further exacerbates the existing drainage issues.

49. At all times relevant herein, Englewood authorized, owned, operated, controlled, and maintained the stormwater management system at and near the Subject Properties in a dangerous condition as described herein.

50. As a direct result of Englewood's faulty, dangerous, and mismanaged stormwater system as described, Englewood's stormwater management system backs up and overflows during rain events and the Subject Properties flood nearly every time there is an unordinary rain event.

51. At all times relevant herein, Englewood Cliffs authorized, owned, operated, controlled, and maintained its stormwater management system in such a manner as to direct its stormwater to at least one neighboring and/or adjacent municipality, specifically Englewood.

52. As a direct result of Englewood Cliffs' direction of stormwater to Englewood, the flooding at and near the Subject Properties during unordinary rain events is exacerbated.

53. There have been numerous flood events which have occurred over the years and continue to occur at this time, including but not limited to the flood event that occurred on August 6, 2024 of which Plaintiffs provided written notice to Englewood, on November 1, 2024, and Englewood Cliffs, on June 10, 2025. *See* November 1, 2024 Tort Claim Notice, a true copy of which is attached hereto, made a part hereof and incorporated herein by reference as Exhibit "A" and June 10, 2025 Tort Claim Notice, a true copy of which is attached hereto, made a part hereof and incorporated herein by reference as Exhibit "B"[1].

[1] Simultaneous with the filing of this Complaint, Plaintiffs are filing a Motion For Leave To File Late Notice of Claim, Pursuant to N.J.S.A. 59:8-9, *Nunc Pro Tunc*.

54. At all times relevant herein, Englewood owned, operated, controlled, and maintained the sanitary sewer system, including at and near the Subject Properties, in a dangerous condition as described herein.

55. During these unordinary rain/flood events, the Subject Properties become inundated with overflowing stormwater water and, in some instances, raw sewage which emanates from the sanitary sewer system.

56. Englewood is required to maintain and operate the sanitary sewer system in such a manner as to reasonably preclude effluent from being released from its system onto the Subject Properties and other similarly situated property owners.

57. The failure of Englewood to maintain, manage, operate, and control its sanitary sewer system is a dangerous condition, falls below a reasonable standard of care and is inconsistent with New Jersey state law and its own operational requirements.

58. Defendants are aware of the flooding issues and Englewood is aware of the release of sewage, but neither Defendant has undertaken action that has resolved the repeated flooding of the Subject Properties and, consequently, the Subject Properties continue to be subject to flooding and sewage impacts during unordinary rain events.

59. On multiple occasions over the last two years, and well beyond two years, stormwater, sewage and other debris and materials were directed onto the Subject Properties by the stormwater management systems and sanitary sewage systems operated by the Defendants. On repeated instances, filthy, sewage laden water infiltrated Plaintiffs' houses causing significant damage to their garages, their living spaces, and to their personal property and belongings, including motor vehicles.

60. Plaintiffs have been required to incur significant cleanup and remediation costs, and have been required to undertake massive efforts in an attempt to avoid future flooding but to no avail.

61. Plaintiffs have serious concerns about mold conditions that either exist now and/or will develop in and around the Subject Properties, including their residences.

62. Defendants have failed to exercise the requisite care with regard to their respective stormwater management systems at and near the Subject Properties.

63. Englewood has failed to exercise the requisite care with regard to its sewer management system at and near the Subject Properties.

64. Defendants have not surveyed, monitored, maintained, or engaged in any material operations to ensure that their systems are operating correctly and causing no harm to Plaintiffs.

65. Defendants' lack of oversight, care, maintenance and control have, in the aggregate, caused, contributed, and continue to cause and contribute to the serious backup of stormwater and sewage on the Subject Properties, which in turn causes and continues to cause damage and significant loss to the value and marketability of the Subject Properties.

**COUNT I – INVERSE CONDEMNATION**
**(Plaintiffs v. Defendants Englewood and Englewood Cliffs)**

66. Plaintiffs reallege and incorporate by reference the foregoing paragraphs as if fully set forth herein.

67. The physical incursion of the stormwater controlled by Defendants and directed toward the Subject Properties, combined with other materials including raw sewage, has the effect of permanently and substantially reducing the value of each of the Subject Properties.

68. Plaintiffs are owners of the Subject Properties.

69. Defendants' conduct has created a permanent physical and financial impact on the Subject Properties and, by artificially directing stormwater to and onto the Subject Properties, Defendants have committed a taking of the Subject Properties and in so doing, destroyed or substantially destroyed the beneficial use of the Subject Properties and adversely impacted the value of the Subject Properties.

70. Defendants' conduct at all times was and has been under the color of municipal and state law and the actions and inactions have, therefore, violated, among other things, the State Constitution of New Jersey and the Fifth Amendment of the United States Constitution and 42 U.S.C. § 1983.

71. The aforementioned conduct by Defendants has effectively taken the Subject Properties from their respective owners without just compensation and, as such, Defendants' conduct constitutes an inverse condemnation or "taking."

72. The taking of the Subject Properties by Defendants has deprived Plaintiffs of the substantial use of the Subject Properties, has taken and deprived Plaintiffs of the substantial valuation of the Subject Properties and in so doing, has rendered the Subject Properties unmarketable.

WHEREFORE, Plaintiffs demand judgment in their favor and against the City of Englewood and the Borough of Englewood Cliffs, jointly and severally, in an amount representing the full, fair market value of their respective properties on the date of the taking, attorney's fees, costs and interest commensurate with their losses.

**COUNT II – DANGEROUS CONDITION/NEGLIGENCE**
**(Plaintiffs v. Defendants Englewood and Englewood Cliffs)**

73. Plaintiffs reallege and incorporate by reference the foregoing paragraphs as if fully set forth herein.

74. Defendants have duties to properly design, maintain, inspect, repair, and operate their stormwater systems in such a manner as to protect Plaintiffs from flooding and flood damage.

75. Defendants have a duty to maintain, inspect, repair, and operate their stormwater management systems in such a manner as to not artificially direct stormwater and/or flood water toward the Subject Properties and/or cause, increase or endanger Plaintiffs and the Subject Properties with additional stormwater and/or flooding.

76. Defendant Englewood has a duty to properly design, maintain, inspect, repair, and operate its sanitary sewage system in such a manner as to protect Plaintiffs from the negative impact of the infiltration of sewage into the flood waters.

77. Notwithstanding their duties, Defendants undertook various actions and/or failed to avoid such other actions as to cause, contribute and greatly increase the risk of flooding to Plaintiffs and the Subject Properties by, among other things:

a. Failing to properly design their stormwater management systems and/or their combined drainage network so as to avoid creating cumulative impacts of stormwater at or near the Subject Properties causing damage thereto;

b. Failing to maintain, operate, inspect, and/or repair their stormwater management systems and/or their combined drainage network so as to reasonably protect Plaintiffs from the risk of stormwater collecting at the Subject Properties such as to cause flood damage;

c. Refusing to address and/or ignoring prior concerns and notice that stormwater was being diverted to the Subject Properties as a result of their stormwater management systems and/or their combined drainage network

with knowledge that such systems and/or network would likely cause future flooding events at the Subject Properties;

d. Failing to maintain their stormwater management systems and/or their combined drainage network in a manner such that stormwater would accumulate at the Subject Properties and be unable to timely exit the areas without causing significant damage to the Subject Properties;

e. Failing to investigate properly how their stormwater management systems and/or their combined drainage network was designed to operate and/or were operating such that a future risk of flooding was likely to occur; and

f. Failing to undertake the necessary improvements to address the flooding throughout Defendants' municipalities, including but not limited to constructing adequate detention/retention areas and restricting residential and developmental expansion and upsizing.

78. Englewood also has a duty to maintain, inspect, repair and operate its sanitary sewer system in such a manner as to preclude the release of sewage into the ambient flood waters at the time of unordinary rain and/or flooding.

79. Notwithstanding its duties, Englewood undertook various actions and/or failed to avoid such other actions as to cause, contribute and greatly increase the release of raw sewage into the flood waters which flooded the Subject Properties by, among other things:

a. Failing to properly design and/or retrofit its sanitary sewer system so as to avoid the release of sewage which ultimately infiltrated the Subject Properties;

b. Failing to maintain, operate, inspect, and/or repair its sanitary water system in such a manner as to reasonably protect Plaintiffs from the discharge of sewage which has and continues to collect at the Subject Properties causing damage to the Subject Properties and Plaintiffs' personal effects.

80. Defendants had actual, constructive, and ongoing notice of the dangerous condition (*i.e.,* the condition of their stormwater management systems and/or their combined drainage network and Englewood's sanitary sewer system) prior to the flood events that caused damage to the Subject Properties to have taken measures to protect against the dangerous condition.

81. These actions and/or failures by Defendants are the proximate cause of damage suffered by Plaintiffs since they acquired the Subject Properties and will continue to cause damages to Plaintiffs in the future.

82. Further, as a direct and proximate result of the actions and inactions of Defendants, Plaintiffs suffered and continue to suffer significant damage to the Subject Properties owned by them, including their homes, have had their quality of life negatively impacted, have suffered devaluation of their respective properties and will continue to suffer the inability to economically market the Subject Properties, thus having the value of the Subject Properties taken without just compensation by Defendants, and causing Plaintiffs to suffer other economic and non-economic damages as a result of the actions/inactions of Defendants.

83. The condition of Defendants' stormwater management systems and/or their combined drainage network and of Englewood's sanitary sewer system are dangerous conditions that have caused damage to the Subject Properties, and such dangerous conditions were caused by the negligence of Defendants.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants, City of Englewood and Borough of Englewood Cliffs, jointly and severally, for compensatory damages sustained as a result of the direct and indirect physical impacts to the Subject Properties, the devaluation of the Subject Properties, Plaintiffs' quality-of-life impacts, and recovery of attorney's fees, costs and interest commensurate with such losses.

**COUNT III -NUISANCE**
**(Plaintiffs v. Defendants Englewood and Englewood Cliffs)**

84. Plaintiffs reallege and incorporate by reference the foregoing paragraphs as if fully set forth herein.

85. The actions and inactions of Defendants, as described and averred herein, cause the incursion of significant amounts of stormwater and sewage onto the Subject Properties including into the interior of all or most of Plaintiffs' homes.

86. The actions and inactions of Defendants, as described and averred herein, caused and continue to cause unreasonable interference with Plaintiffs' reasonable use and enjoyment of their respective properties—the Subject Properties—including but not limited to the living spaces of their homes, the outside of the properties, each of which continue to be repeatedly flooded with stormwater, sewage, debris and other undesirable materials.

87. As a direct and proximate result of Defendants' actions and inactions as described and averred herein, Plaintiffs suffered and continue to suffer harm such as significant damage to the Subject Properties owned by them, including their homes, have had their quality of life negatively impacted, have suffered devaluation of their respective properties and will continue to suffer the inability to economically market the Subject Properties, thus having the value of the

Subject Properties taken without just compensation by Defendants, and causing Plaintiffs to suffer other economic and non-economic damages as a result of the actions/inactions of Defendants.

88. The inability to live peacefully in their homes and maintain a quality of life and quiet enjoyment in the Subject Properties, resulting from the actions and inactions of Defendants, and the future probabilities of continued negative impacts caused by Defendants have created a nuisance for which Plaintiffs have suffered as alleged herein.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants, City of Englewood and Borough of Englewood Cliffs, jointly and severally, for compensatory damages sustained as a result of the direct and indirect physical impacts to the Subject Properties, the devaluation of the Subject Properties, Plaintiffs' quality-of-life impacts, and recovery of attorney's fees, costs and interest commensurate with such losses.

**COUNT IV – TRESPASS**
**(Plaintiffs v. Defendants Englewood and Englewood Cliffs)**

89. Plaintiffs reallege and incorporate by reference the foregoing paragraphs as if fully set forth herein.

90. Defendants' stormwater management systems are owned by and were designed and created for the benefit of their respective municipalities, citizens, and the municipalities' predecessors and successors in interest. Defendants control the stormwater within their stormwater management systems and operate their systems by artificially controlling and directing stormwater throughout the City and the Borough.

91. The stormwater management system was designed and operates in a manner to artificially accumulate and direct water into the area of the Subject Properties owned by Plaintiffs.

92. Such conduct by Defendants has the effect of directing stormwater to the Subject Properties owned by Plaintiffs during unordinary rain events.

93. But for Defendants' conduct and their faulty stormwater management systems, stormwater would not have entered and/or caused and continue to cause substantial damages to the Subject Properties.

94. Similarly, Englewood owns and controls the sanitary sewer system within Englewood and said system is designed, upon information and belief, to carry sewage from individual homes and business to a water treatment facility.

95. The sanitary sewer system is designed, upon information and belief, to accumulate sewage and direct it within pipes away from residential and commercial properties, toward a treatment facility.

96. Instead, Englewood's sanitary sewer system, by its operation, maintenance and controls (or lack thereof), is known by Englewood to allow for the release of sewage into the general storm waters at the time of unordinary rain and storm events.

97. The acts of allowing stormwater and sewage to aggregate, accumulate, enter the Subject Properties and cause physical impact and damage to the Subject Properties are acts of trespass upon Plaintiffs' respective Subject Properties.

98. As a direct and proximate result of Defendants' acts of trespass as described and averred herein, Plaintiffs have suffered and continue to suffer harm including, but not limited to, significant damage to the Subject Properties owned by them, including their homes, have had their quality of life negatively impacted, have suffered devaluation of their respective properties and will continue to suffer the inability to economically market the Subject Properties, thus having the value of the Subject Properties taken without just compensation by Defendants, and causing Plaintiffs to suffer other economic and non-economic damages as a result of the actions/inactions of Defendants.

WHEREFORE Plaintiffs demand judgment in their favor and against Defendants, City of Englewood and Borough of Englewood Cliffs, jointly and severally, for compensatory damages sustained as a result of the direct and indirect physical impacts to the Subject Properties, the devaluation of the Subject Properties, Plaintiffs' quality-of-life impacts, and recovery of attorney's fees, costs and interest commensurate with such losses.

**JURY DEMAND**

Plaintiffs demand a trial by jury as to each Defendant and as to each cause of action and claim.

WEIR LLP
A Pennsylvania Limited Liability Partnership

Dated: August 1, 2025

By: */s/ Robert D. Sokolove*

Robert D. Sokolove
Jennifer Hiller Nimeroff
*Attorneys for Plaintiffs*

20 Brace Road, Suite 201
Cherry Hill, New Jersey 08034
Tel: (856) 429-7750
Fax: (856) 427-0360
rsokolove@weirlawllp.com
jhiller@weirlawllp.com