LAW OFFICES
WEIR LLP
A Pennsylvania Limited Liability Partnership

1300 Route 73, Suite 314
Mt. Laurel, New Jersey 08054
WEIRLAWLLP.COM

Jennifer Hiller Nimeroff
Member of PA and NJ Bars

Direct Dial (215) 241-7757
E-mail: jhillert@weirlawllp.com

November 18, 2025

***Via ECF***

Honorable Michael E. Farbiarz, U.S.D.J.
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

**Re: Eliyahou Barrocas, et al. v. City of Englewood, et al.**
**Civil Action No. 2:25-cv-14049-MEF-JRA**

Dear Judge Farbiarz:

This law firm represents the Plaintiffs in connection with the above-referenced matter. Defendant Borough of Englewood Cliffs filed a Motion for Partial Summary Judgment as to Plaintiffs' tort claims, and recently supplemented its briefing by submitting to Your Honor a letter dated November 11, 2025, along with decisions by District Judge Williams in *Caputo, et al. v. Cherry Hill* ("*Caputo*")*,* and District Judge O'Hearn in *Gilbert, et al. v. Delran Township* ("*Gilbert*"). (ECF No. 28). Plaintiffs simply write to inform the Court that in neither the *Caputo* nor the *Gilbert* matters did the Plaintiffs file either a Notice of Claim nor a Motion for Leave to File a Late Notice of Claim, omissions that both Judge Williams and Judge O'Hearn expressly mention and impacted the Courts' rulings. *See* Opinion, *Caputo*, pgs. 4, 10 ("Plaintiffs did not seek leave before the state court, nor this Court, to file a late notice of claim in connection with their causes of action arising from the alleged flood damage;" "Because Plaintiffs have taken no steps to comply with the TCA, have not generally complied with its notice provision, and provided no notice whatsoever to Defendant in advance of filing this lawsuit, the Court finds that Plaintiffs have not substantially complied with the TCA."); *see also,* pgs. 7-8 (observing that the TCA affords a court discretion to permit a claimant who has missed the 90-day deadline to file a late notice of tort claim, but that upon the expiration of the one year period after the accrual of the claim, "the court is without authority to relieve a plaintiff from his failure to have filed a notice of claim and a consequent action at law must fail." (citation omitted)); *and see* Opinion, *Gilbert,* pgs. 1-2 ("'Plaintiffs never filed a written notice of tort claim within 90 days of any flooding event . . . not did they seek judicial leave to file a late notice within one year. . . "); *see*

*also,* pg. 3 ("the record demonstrates that Plaintiffs . . . have not sought leave to file a late notice within the one-year statutory period.").

In short, while the cases of *Caputo* and *Gilbert* are, arguably, materially indistinguishable from each other in a procedural sense, they are *materially distinguishable* to the case at bar, where Plaintiffs not only submitted a Notice of Claim upon learning from their engineer about the inter-relatedness of the drainage systems of the City of Englewood and the Borough of Englewood Cliffs, but also, filed a Motion for Leave of Court to File a Late Notice of Claim along with the filing of their Complaint. (ECF No. 2). For this reason, the Opinions submitted by Defendant Englewood Cliffs are not determinative or persuasive.

Respectfully submitted,

Jennifer Hiller Nimeroff, Esquire
Robert Sokolove, Esquire

JHN/
cc: Counsel of Record (*via* ECF)