**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ELIYAHOU BARROCAS et al., *Plaintiffs*, v. CITY OF ENGLEWOOD and BOROUGH OF ENGLEWOOD CLIFFS, *Defendants*. | No. 2:25-cv-14049 (MEF)(JRA) **ORDER** |

Before the Court is the Defendant Borough of Englewood Cliffs' motion for partial summary judgment. See Notice of Motion for Partial Summary Judgment by Defendant Borough of Englewood Cliffs (ECF 21).

In its motion, the Borough argues that the Plaintiffs' tort claims[1] against it should be dismissed with prejudice for two reasons. See Brief on Behalf of Defendant Borough of Englewood Cliffs in Support of Motion for Partial Summary Judgment (ECF 21-1) at 2. First, because the Plaintiffs failed to present the borough with notice of the tort claims against them within 90 days of the claims' accrual, as required under the New Jersey Tort Claims Act. See id. (citing N.J. Stat. Ann. §§ 59:8-8, 59:8-10 (West 2013)). And second, because the untimely notice the Plaintiffs presented to the Borough in June 2025 did not contain all the required elements the Act requires, in any event. See id. (citing N.J. Stat. Ann. § 59:8-4 (West 1972)).

* * *

In an Order issued in March 2026, the undersigned adopted a Report and Recommendation issued by the United States Magistrate Judge in this case --- in part because no party objected to it. See 03/17/2026 Text Order (ECF 39).

---

[1] Count II (negligence/dangerous condition), see Complaint (ECF 1) at 13-17; Count III (nuisance), see id. at 17-17; and Count IV (trespass). See id. at 18-19.

In that Report and Recommendation, the Court concluded that the Plaintiffs' claims against the Borough accrued on August 6, 2024, see Report and Recommendation (ECF 34) at 9, and that the alleged notice provided to Borough in June 2025 was not timely under the New Jersey Tort Claims Act. See id. The Court also concluded that no extraordinary circumstances existed to excuse the Plaintiffs' failure to file a timely present their tort claims to the Borough, so declined to grant their motion to allow them to "file a late notice." See id. at 14; N.J. Stat. Ann. § 59:8-9 (West 1994).

* * *

Given the above conclusion, the Plaintiffs are "forever barred from recovering against" the Borough with respect to the tort claims at issue, N.J. Stat. Ann. § 59:8-8,[2] and the motion at ECF 21 must be granted.

IT IS on this 8th day of July, 2026, **SO ORDERED**.

Michael E. Farbiarz, U.S.D.J.

[2] Because the Court concludes that the Plaintiffs' claims were not timely presented under N.J. Stat. Ann. §§ 59:8-8 through 59:8-10, the Court need not consider whether the untimely notice presented satisfied the criteria set forth in N.J. Stat. Ann. § 59:8-4.